IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **ABEBECH F. BEKURE**<br>2141 Industrial Parkway<br>Silver Spring, MD 20904, | * | |
| and | * | |
| **NEGUSSIE BEKURE**<br>2141 Industrial Parkway<br>Silver Spring, MD 20904, | *<br>* | Civil Action No. _____ |
| Plaintiffs, | * | |
| v. | * | |
| **AMERICAN SECURITY INSURANCE COMPANY,**<br>260 Interstate N. Circle, SE<br>Atlanta, GA 30339 | *<br>*<br>* | |
| and | * | |
| **ASSURANT, INC.**<br>260 Interstate N. Circle, SE<br>Atlanta, GA 30339 | *<br>* | |
| Defendants. | | |

### NOTICE OF REMOVAL OF ACTION FROM D.C. SUPERIOR COURT TO U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Defendants American Security Insurance Company ("ASIC") and Assurant, Inc. ("Assurant")[1], collectively referred to as "Defendants," by counsel, Quagliano & Seeger, P.C.,

---

[1] Assurant is not the proper party defendant in this action. In removing this action to Federal Court, Assurant does not waive any defense, and expressly reserves its right to file a motion to dismiss or other appropriate pleading on the grounds that it is not the proper party defendant.

1

and pursuant to 28 U.S.C. §1441, et seq., remove this matter from D.C. Superior Court to the United States District Court for the District of Columbia. As grounds therefore, Defendants state as follows:

1. On October 13, 2007, Plaintiffs filed their Complaint in the Superior Court for the District of Columbia, C.A. No. 07-6889, Judge Jennifer M. Anderson and served Defendants by personal service on October 18, 2007.

2. The Complaint contains two counts – one for breach of contract and a second for bad faith insurance practices. The breach of contract count seeks compensatory damages in the amount of $243,000, and the alleged bad faith insurance practices count seeks treble and/or punitive damages in an amount not less than $500,000, or three (3) times any award of compensatory damages, in addition to reasonable attorney's fees and court costs. Defendants vigorously oppose Plaintiffs' claims and contest liability.

3. As set forth in the caption of the Complaint, Plaintiff are residents of Silver Spring, Maryland. Defendants are Delaware corporations; ASIC's principal place of business is in Atlanta, Georgia, and Assurant's principal place of business is New York, New York.

4. This Court has original jurisdiction in this matter under diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states.

5. This action is removable under 28 U.S.C. §1441(b) as neither Defendant is a citizen of the District of Columbia.

6. A copy of the Complaint, Summons and Initial Order, all the pleadings served upon Defendants in the D.C. Superior Court action, is attached hereto in accordance with 28

U.S.C. § 1446(a). A copy of the Notice of Removal to be filed with the D.C. Superior Court is attached hereto.

WHEREFORE, Defendants American Security Insurance Company and Assurant, Inc., respectfully request that this action be, and hereby is removed from the Superior Court for the District of Columbia, to the United States District Court for the District of Columbia.

Respectfully submitted,

**QUAGLIANO & SEEGER, P.C.**

By: _____
Julie Quagliano, DC Bar #393428
Lakeside at Loudoun Tech Center III
21355 Ridgetop Circle
Suite 110
Dulles, Virginia 20166
Phone: (571) 434-7590
Fax: (571) 434-9006
Email: quagliano@quagseeg.com

By: _____
Michael C. Zisa, DC Bar #467724
Kristin E. Protas, DC Bar #975578
2620 P Street, NW
Washington DC 20007
Phone: (202) 822-8838
Fax: (202) 822-6982

**Counsel for Defendants American Security Insurance Company and Assurant, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class postage prepaid, on November 7, 2007, to:

>Mark R. Raddatz, Esq.
>Raddatz Law Firm, PLLC
>1627 Connecticut Avenue, NW
>Suite 6, Third Floor
>Washington, DC  20009

**Counsel for Plaintiffs**

_____
Julie Quagliano

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **ABEBECH F. BEKURE, and NEGUSSIE BEKURE,** | * | |
| | * | |
| Plaintiffs, | | Civil Action No. 0006889-07 |
| | * | Judge Jennifer M. Anderson |
| v. | | |
| | * | Next Event: Initial Conference |
| **AMERICAN SECURITY INSURANCE COMPANY, and ASSURANT, INC.,** | | January 11, 2008 |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL OF ACTION TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Please take notice that Defendants American Security Insurance Company ("ASIC") and Assurant, Inc. ("Assurant")[1], collectively referred to herein as "Defendants," by counsel, Quagliano & Seeger, P.C., file this notice of removal pursuant to 28 U.S.C. § 1446(d) that Defendants have removed this matter to the United States District Court for the District of Columbia in accordance with 28 U.S.C. § 1441, *et seq.* A copy of the Notice of Removal filed with the U.S. District Court is attached hereto.

Respectfully submitted,

QUAGLIANO & SEEGER

By:    /s/ Julie Quagliano
Julie Quagliano, DC Bar #393428
Lakeside at Loudoun Tech Center III

---

[1] Assurant is not the proper party defendant in this action. In removing this action to Federal Court, Assurant does not waive any defense, and expressly reserves its right to file a motion to dismiss or other appropriate pleading on the grounds that it is not the proper party defendant.

21355 Ridgetop Circle
Suite 110
Dulles, Virginia 20166
Phone: (571) 434-7590
Fax: (571) 434-9006
Email: quagliano@quagseeg.com

**Counsel for Defendants American Security Insurance Company and Assurant, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed, first class postage prepaid, on November 7, 2007, to:

> Mark R. Raddatz, Esq.
> Raddatz Law Firm, PLLC
> 1627 Connecticut Avenue, NW
> Suite 6, Third Floor
> Washington, DC 20009
>
> **Counsel for Plaintiffs**

                                                /s/ Julie Quagliano
                                                Julie Quagliano

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION – CIVIL ACTIONS BRANCH
### 500 INDIANA AVENUE, N.W., ROOM JM-170
### WASHINGTON, DC 20001 (202) 879-1133

Abebech F. Bekure
Negussie Bekure
2141 Industrial Parkway
Silver Spring, MD 20904

Case No. 0006889-07

*Plaintiffs,*

v.

Assurant, Inc.
260 Interstate N. Circle, SE
Atlanta, GA 30339-2110

Serve: Corporation Service Co.
Registered Agent
1090 Vermont Ave., NW Suite 430
Washington, DC 20005

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an answer to the attached complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after the service of the summons to serve your Answer. A copy of the answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of this Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file an original Answer with the Court either before you serve a copy of the Answer on the plaintiff, or within five (5) days after you have served it on the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Plaintiff's Attorney*

RADDATZ LAW FIRM, PLLC
Mark R. Raddatz, Esq.  468481
1627 Connecticut Ave., NW
Suite 6, Third Floor
Washington, DC 20009
(202) 466-8001

*Clerk of the Court*

By _____
      Deputy Clerk

Date  10/13/07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA EVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, 500 INDIANA AVENUE, N.W., ROOM JM 170

Cv(6)-456-May 03

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM-170, at 500 Indiana Avenue, N.W Washington, DC 20001 for more information concerning places where you may ask for such help.

WHITE – ORIGINAL          YELLOW – DEFENDANT          PINK – PLAINTIFF

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Abebech F. Bekure
2141 Industrial Parkway
Silver Spring, MD 20904

and

Negussie Bekure
2141 Industrial Parkway
Silver Spring, MD 20904

    *Plaintiffs,*

v.

American Security Insurance Company
260 Interstate N. Circle, SE
Atlanta, GA 30339-2110

Serve: Corporation Service Co.
   Registered Agent
   1090 Vermont Ave., NW
   Suite 430
   Washington, DC 20005

and

Assurant, Inc.
Assurant Specialty Property
260 Interstate N. Circle, SE
Atlanta, GA 30339-2110

Serve: Corporation Service Co.
   Registered Agent
   1090 Vermont Ave., NW
   Suite 430
   Washington, DC 20005

    *Defendants.*

Case No. 0006889-07

Answer - "7" "17"
Removal - "17"

RECEIVED
Civil Clerk's Office
OCT 1 3 2007
Superior Court of the
District of Columbia
Washington, D.C.

1

## COMPLAINT
## FOR BREACH OF CONTRACT AND FOR
## BAD FAITH INSURANCE SETTLEMENT PRACTICES

### JURISDICTION

1. Jurisdiction of this Court is based on D.C. Code § 11-921(1981 Ed., as amended.) The matter in controversy is within the jurisdiction of this court as it involves a dispute relative to law or equity, which occurred in the District of Columbia, and the amount in controversy is in excess of $5,000.00.

### PARTIES

2. Plaintiffs are individuals who are owners of residential real rental property located in the District of Columbia at 4244 6th Street, SE Washington, D.C. 20032;

3. Defendant American Security Insurance Company ("ASIC") is a Delaware Corporation providing insurance coverages in the District of Columbia and operating from the address set forth in the caption of this Complaint.

4. Defendant Assurant, Inc. ("Assurant"), upon information and belief, is the parent company of Defendant ASIC, providing insurance coverages in the District of Columbia and operating from the address set forth in the caption of this Complaint.

### FACTS APPLICABLE TO ALL COUNTS

5. That Plaintiffs, as an additional insured, and one or more of the Defendants entered into a contractual insurance relationship, with Residential Property Policy ("Policy") with respect to Plaintiff's property located at 4244 6th Street, SE Washington, D.C. 20032 ("Property")

2

6. That by contract, one or more of the Defendants agreed to provide the insurance described in the Policy in return for the premium paid by Plaintiffs to Defendants.

7. That Plaintiffs paid all applicable premium(s).

8. That the Property was substantially destroyed by fire on October 16, 2006 ("Date of Loss").

9. That the fire of October 16, 2006 was a covered loss under the Policy.

## COUNT I. BREACH OF CONTRACT

10. That the Plaintiffs restate and incorporate herein paragraphs 1-9 above, and further set forth to this Honorable Court as follows.

11. That the Plaintiffs were named insureds under the above-referenced Policy, Number 08H0C1100177981.

12. That Plaintiffs, at all times at and after the Date of Loss used reasonable means to secure and protect the Property, and complied and complied with all provisions and duties called for in the Policy.

13. That Plaintiffs suffered specific damages to the Property as of the Date of Loss estimated at $243,000.00.

14. That Plaintiffs have made due demand upon one or more of the Defendants for payment of said sum, for losses incurred, pursuant to the Policy.

15. That to date, one or more of the Defendants has failed to pay Plaintiffs for said losses.

16. That one or more of the Defendants' has/have breached its/their contract to pay Plaintiffs for such losses, as contracted for under the Policy.

3

**WHEREFORE**, the Plaintiffs respectfully demand Judgment in favor of the Plaintiffs, and against said Defendants as follows:

a. For specific losses in the sum of $243,000.00;

b. For reasonable attorney's fees; and

c. For the costs and disbursements in this action.

### COUNT II – BAD FAITH INSURANCE PRACTICES

16. That the Plaintiffs restate and incorporate herein paragraphs 1-15 above, and further set forth to this Honorable Court as follows.

17. Defendants ASIC and/or Assurant undertook the duties of an insurer with an implied duty of fair dealing towards the Plaintiffs.

18. Defendants ASIC and/or Assurant was the sole point for redress of Plaintiffs claims.

19. Defendant ASIC and/or Assurant have failed to negotiate with Plaintiffs in good faith, and have engaged in bad-faith dealings by:

   a. "Lowballing" initial damage estimates;

   b. Placing duties and/or obligations upon the Plaintiffs not called for under the Policy.

   c. Failing to timely communicate with Plaintiffs;

   d. Unilaterally canceling sessions with the District of Columbia Department of Insurance and/or umpire(s) upon assertions that full settlement was forthcoming or would be agreed to, when it was/were not;

4

    e.    Failing to pay or deny the claim within a reasonably prompt period of time;

    f.    Failing to pay in accordance with the terms of the Policy, on multiple occasions, despite due demand;

    g.    Failing and not to attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs claims after liability had become reasonably clear;

    h.    Misrepresenting to Plaintiff pertinent facts relating to the settlement and/or umpire process.

    i.    Terminating settlement negotiations immediately before the Policy bar date, in hopes that Plaintiffs would be unaware of the same, and thus barred from bringing legal action.

20.    As the direct and proximate cause of ASIC and/or Assurant's bad faith dealings, Plaintiffs have been unable to settle their claims and rebuild their Property, without reverting to filing suit.

21.    As the direct and proximate cause of ASIC and/or Assurant's bad faith dealings, Plaintiffs have incurred unnecessary loss of use and rents from the Property for the past year.

22.    As the direct and proximate cause of ASIC and/or Assurant's bad faith dealings, Plaintiffs have incurred unnecessary loss of use of their personal funds for the past year, as they have had to continue making mortgage, tax and all other related payments/charges for the past year, without the benefit of rents which would

otherwise have been collectible had Defendants paid under the Policy and the Property been returned to its pre-loss status.

23. That as the direct and proximate cause of ASIC and/or Assurant's bad faith dealings, Plaintiffs have incurred quantifiable and verifiable financial and emotional distress.

**WHEREFORE**, by reason of the foregoing, the Plaintiffs demand judgment against Defendants ASIC and/or Assurant,

a. For treble and/or punitive damages in a sum no less than $500,000.00 or three (3) times any award for compensatory damages;

b. Reasonable attorney's fees; and

c. For the costs and disbursements in this action.

Mark R. Raddatz, Esq. 468481
Raddatz Law Firm, PLLC
1627 Connecticut Avenue, NW
Suite 6, Third Floor
Washington, DC 20009
(202) 466-8001
(202) 332-6700 fax
mraddatz@creditors-law.com



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ABEBECH F BEKURE
Vs.
AMERICAN SECURITY INSURANCE COMPANY

C.A. No.    2007 CA 006889 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JENNIFER M ANDERSON
Date: October 13, 2007
Initial Conference: 9:30 am, Friday, January 11, 2008
Location: Courtroom A-50
          515 5th Street N.W.
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

### I (a) PLAINTIFFS
Abebech F. Bekure & Negussie Bekure

### DEFENDANTS
American Security Insurance Co. & Assurant, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — Montgomery County, Maryland
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark R. Raddatz, Esq.
Raddatz Law Firm, PLLC
1627 Connecticut Ave., NW
Suite 6, Third Floor
Washington, DC 20009

ATTORNEYS (IF KNOWN)
Julie Quagliano, Esq. & Michael C. Zisa, Esq.
Quagliano & Seeger, P.C.
2620 P Street, N.W.
Washington, D.C. 20007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding
● 2 Removed from State Court
○ 3 Remanded from Appellate Court
○ 4 Reinstated or Reopened
○ 5 Transferred from another district (specify)
○ 6 Multi district Litigation
○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Section 1332, 28 U.S.C. Section 1441 (b);

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 500,000   JURY DEMAND: YES ☐ NO ☐   Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE November 7, 2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.